IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
SEP 2 6 2007
SEP 26 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| JAMILLA JOHNSON-BROOKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| EQUIFAX INFORMATION SERVICES, LLC, an Georgia limited liability company; **EXPERIAN INFORMATION SOLUTIONS, INC.**, an Ohio corporation; **TRANS UNION, LLC** and, **WACHOVIA DEALER SERVICES, INC.** | ) ) ) ) ) ) |
| Defendants. | ) ) |

07CV5423
JUDGE MORAN
MAG. JUDGE BROWN

## COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT

Now Comes Plaintiff **JAMILLA JOHNSON-BROOKS**, by and through her attorney, Lloyd Brooks to complain against the defendants as follows:

1. Plaintiff files this action against her auto finance company and three credit reporting agencies for their failure to investigate Plaintiff's dispute of inaccurate information being furnished to the credit reporting agencies and to third parties.

### Jurisdiction and Venue

2. This Court has jurisdiction over the subject matter in this suit pursuant to 28 U.S.C. §1331 as this action arises under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367 as it is a claim that is so related to claims in this action within the Court's original jurisdiction that they form part of the same case or controversy.

3. This Court has jurisdiction over the defendants as they are all doing business in the State of Illinois and have availed themselves of the benefits and protections of its laws.

4. Venue is proper in this Court as defendants all reside within this judicial district.

**The Parties**

5. Plaintiff is a resident of the Village of Dolton, Illinois.

6. WACHOVIA DEALER SERVICES, INC. ("Wachovia") is a California corporation with its principal place of business located in Irvine, California and with offices located in this State.

7. EQUIFAX INFORMATION SERVICES, LLC ("Equifax") is a limited liability company organized under the laws of Georgia and authorized to do business in the State of Illinois. Equifax is a "consumer reporting agency" as that term is defined in 15 U.S.C. §1681(f). Upon information and belief Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

8. EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a corporation under the laws of Ohio and authorized to do business in the State of Illinois. Experian is a "consumer reporting agency" as that term is defined in 15 U.S.C. §1681(f). Upon information and belief Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9. TRANS UNION, LLC ("Trans Union") is a limited liability company under the laws of Delaware and authorized to do business in the State of Illinois. Trans Union is a "consumer reporting agency" as that term is defined in 15 U.S.C. §1681(f). Upon information and belief Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

**Facts Common To All Causes of Action**

10. In September of 2005 Plaintiff refinanced her ownership of a 2001 Volvo with WFS Financial Services. The promissory note Plaintiff signed required her to make monthly payments of approximately $300 on or about the 25th of each month.

11. At some point during Plaintiff's loan the account was transferred to Wachovia. In April of 2007 plaintiff's account statements ceased coming in the name of WFS Financial and began coming in the name of Wachovia.

12. Plaintiff made her payments to Wachovia through the use of an online payment service with her bank. Plaintiff's purpose for using the online service was to make sure her payments to Wachovia were timely made such that she would avoid adverse information being reported to any credit reporting agency.

13. On February 15, 2007 Plaintiff ordered her January, 2007 payment to Wachovia to be sent by her online service, which was received by Wachovia on or about that date (less than 30 days after its due date).

14. On or about March 6, 2007 Plaintiff received an e-mail from Experian Credit Monitoring Service, a pay service that Plaintiff subscribes to for the purpose of monitoring her credit reports.

15. The e-mail notified Plaintiff that changes had been posted to her credit report.

16. Plaintiff then logged onto Experian's website to check her credit report.

17. Plaintiff found on her credit report that the most recent added information on her credit report was a report of information from Wachovia indicating a 30 day late status for the month of February.

18. Plaintiff immediately contacted Wachovia to inquire about the basis for the report made to Experian.

19. Plaintiff was informed by a Wachovia employee or agent that her January payment had not been made. The Wachovia employee told her that she set to have her car repossessed.

20. Plaintiff informed the employee that she had made the payment and had confirmation of that fact.

21. The Wachovia employee demanded proof of the payment.

22. Plaintiff then contacted her bank to obtain additional evidence of her payment.

23. On that same date Plaintiff contacted Wachovia again several times with some of the phone calls being three way calls involving Plaintiff, a Wachovia employee, and a representative from Plaintiff's bank.

24. During each of the telephone calls the Wachovia employee would refute Plaintiff's claim of having made the payment, despite the bank representative confirming the payment over the phone, despite Plaintiff faxing Wachovia copies of the confirmation of the payments, despite Plaintiff faxing copies of bank statements showing the payment was made.

25. During one such telephone call a Wachovia employee disbelieved that the individual on one of the three way calls was a bank representative and demanded to be able to call the bank directly.

26. Plaintiff agreed to the Wachovia employee contacting her bank to obtain account information for the purpose of verifying that the payment had been made.

27. The Wachovia employee then contacted Plaintiff's bank directly and was provided a confirmation that the subject payment had been made to Wachovia.

28. Despite receiving documentation and other conclusive evidence that Plaintiff made the payment, Wachovia refused to acknowledge the payment, demanded that Plaintiff make another payment, and continued its threat to repossess Plaintiff's auto.

29. On or about March 9, 2007 Plaintiff was provided a letter from her bank addressed to Wachovia indicating the date that her January and February payments had been made and provided the electronic payment trace numbers, proving convincingly that Plaintiff had made her payments.

30. On that same date Plaintiff contacted a Wachovia representative and provided him the bank letter by fax along with other bank statements all showing that Plaintiff had made her payment.

31. Again, Plaintiff was told by the Wachovia representative they were not satisfied with the documentation.

32. On March 12th Plaintiff contacted another Wachovia representative to obtain information regarding her account. Again Plaintiff was told that the information and documentation she and the bank had provided were insufficient.

33. On or about March 13th Plaintiff again contacted Wachovia and reached a representative named "Sonya" who again demanded Plaintiff provide documentation of her payments. Plaintiff complied with this request and faxed to Sonya all of the documentation she had previously provided to other representatives.

34. Several days later a Wachovia representative called Plaintiff to inform her that they had located the payment and credited it to her account.

35. From March 6th until Plaintiff's receipt of the telephone call referenced in paragraph 33, Plaintiff was under the constant threat of having her car wrongfully repossessed. She cleaned her car of any personal property under the fear that in the middle of the night someone would come and take the car along with any belongings found inside.

36. During the time period of March 6, 2007 until Plaintiff's receipt of the telephone call referenced in paragraph 33, Plaintiff was fearful of driving her car because she did not know if the vehicle would be taken from her, leaving her and stranded her passengers.

### Plaintiff Attempts to Have Her Credit Rating Restored

37. During the conversation where the Wachovia representative informed Plaintiff her account would be properly credited, Plaintiff inquired about whether her account would be negatively affected and the Wachovia representative assured Plaintiff that they would "backdate" the payment so it would reflect when it was actually received and that a request was being sent to the department involved in credit reporting to request that any adverse information regarding the payment would be removed.

38. In light of these events, on March 20, 2007 Plaintiff wrote to Equifax, Experian, and Trans Union to inform them of the dispute and demand that they investigate her claims and remove the inaccurate information regarding the February payment.

39. Subsequently, Plaintiff received a letter from Wachovia dated March 21, 2007 indicating that it had made a request to remove derogatory information from her credit file to the credit bureau agencies.

40. Subsequently, Plaintiff again mailed letters to Equifax, Experian, and Trans Union to inform them of the dispute. This time Plaintiff included a copy of the March 21st letter as additional evidence that the late payment reporting found in Plaintiff's credit files was in error.

41. In June, August and September of 2007 Plaintiff received copies of her credit reports from Equifax, Experian and Trans Union.

42. Each of the reports indicated that Plaintiff had reached the 30 day late status in February of 2007 and did not indicate that Plaintiff had disputed the reporting of this status with Wachovia.

## Count I
## Violation of FCRA
## (Against Wachovia Dealer Services, Inc.)

43. Plaintiff realleges paragraphs 1 to 42 as though they were fully reallged herein.

44. The Fair Credit Reporting Acts reads in pertinent part:

```
(b) Duties of furnishers of information upon notice of dispute
     (1) In general
          After receiving notice pursuant to section 1681i(a)(2) of
this title of a dispute with regard to the completeness or accuracy
of any information provided by a person to a consumer reporting
agency, the person shall -
          (A) conduct an investigation with respect to the disputed
          information;
          (B) review all relevant information provided by the
consumer reporting agency pursuant to section 1681i(a)(2) of this
title;
          (C) report the results of the investigation to the
consumer reporting agency;
          (D) if the investigation finds that the information is
incomplete or inaccurate, report those results to all other consumer
reporting agencies to which the person furnished the information and
that compile and maintain files on consumers on a nationwide basis;
and
          (E) if an item of information disputed by a consumer is
found to be inaccurate or incomplete or cannot be verified after any
reinvestigation under paragraph (1), for purposes of reporting to a
consumer reporting agency only, as appropriate, based on the results
of the reinvestigation promptly -
               (i) modify that item of information;
```

```
              (ii) delete that item of information; or
              (iii) permanently block the reporting of that item of
         information.
     (2) Deadline
         A person shall complete all investigations, reviews, and
reports required under paragraph (1) regarding information provided
by the person to a consumer reporting agency, before the expiration
of the period under section 1681i(a)(1) of this title within which
the consumer reporting agency is required to complete actions
required by that section regarding that information.
```

45. Wachovia violated the FCRA, 15 U.S.C. §1681s-2(b), by continuing to report Plaintiff as paying 30 days late to the each of the credit bureaus without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute regarding the account; by failing to review all relevant information regarding the same; by failing to accurately respond to inquiries by the credit bureaus; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent re-reporting of the inaccurate information to the consumer reporting agencies.

46. As a result of this conduct, action and inaction of Wachovia the Plaintiff has suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

47. Wachovia's action, and inaction was willful, rendering them liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S. C. §1681n. In the alternative, they were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

WHEREFORE Plaintiff respectfully requests that this court enter judgment in her favor and against WACHOVIA DEALER SERVICES, INC. in an amount to be proven at trial; award her

costs of bringing this action including reasonable attorney's fees, and other relief this Court

finds necessary and just.

## Count II
## Violation of FCRA
### (Against Consumer Reporting Agency Defendants)

48.     Plaintiff realleges paragraphs 1 to 42 as though they were fully realleged herein.

49.     The Fair Credit Reporting Act reads in pertinent part:

```
(a) Reinvestigations of disputed information
      (1) Reinvestigation required
        (A) In general
          Subject to subsection (f) of this section, if the
completeness or accuracy of any item of information contained in a
consumer's file at a consumer reporting agency is disputed by the
consumer and the consumer notifies the agency directly, or
indirectly through a reseller, of such dispute, the agency shall,
free of charge, conduct a reasonable reinvestigation to determine
whether the disputed information is inaccurate and record the
current status of the disputed information, or delete the item from
the file in accordance with paragraph (5), before the end of the 30-
day period beginning on the date on which the agency receives the
notice of the dispute from the consumer or reseller.

      (2) Prompt notice of dispute to furnisher of information
        (A) In general
          Before the expiration of the 5-business-day period
beginning on the date on which a consumer reporting agency receives
notice of a dispute from any consumer or a reseller in accordance
with paragraph (1), the agency shall provide notification of the
dispute to any person who provided any item of information in
dispute, at the address and in the manner established with the
person. The notice shall include all relevant information regarding
the dispute that the agency has received from the consumer or
reseller.
        (B) Provision of other information
          The consumer reporting agency shall promptly provide to
the person who provided the information in dispute all relevant
information regarding the dispute that is received by the agency
from the consumer or the reseller after the period referred to in
subparagraph (A) and before the end of the period referred to in
paragraph (1)(A).

      (4) Consideration of consumer information
          In conducting any reinvestigation under paragraph (1) with
respect to disputed information in the file of any consumer, the
consumer reporting agency shall review and consider all relevant
```

> information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.
> (5) Treatment of inaccurate or unverifiable information
> (A) In general
> If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall - (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.
>
> (6) Notice of results of reinvestigation
> (A) In general
> A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation under this subsection not later than 5 business days after the completion of the reinvestigation, by mail or, if authorized by the consumer for that purpose, by other means available to the agency.

50. Equifax, Experian, and Trans Union each violated §1681i on multiple occasions by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Wachovia; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

51. As a result of this conduct, action and inaction of Equifax, Experian, and Trans Union Plaintiff has suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

52. Equifax, Experian, and Trans Union's conduct, action, and inaction was willful, rendering them liable for actual or statutory damages and punitive damages in an amount to be

determined by the Court pursuant to 15 U.S. C. §1681n. In the alternative, they were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

WHEREFORE Plaintiff respectfully requests that this court enter judgment in her favor and against each of the defendants EQUIFAX INFORMATION SYSTEMS, LLC., EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION, LLC. in an amount to be proven at trial; award her costs of bringing this action including reasonable attorney's fees, and other relief this Court finds necessary and just.

## Count III
## Defamation
## (Against Wachovia)

53. Plaintiff realleges paragraphs 1 - 42 as though they were fully realleged herein.

54. Wachovia knew Plaintiff paid on her account less than 30 days late, nonetheless they published a false report through the credit bureaus to third parties indicating that Plaintiff had paid more than 30 days late.

55. Wachovia knew that Plaintiff was not paying on her account more than 30 days late and thus, their publication of the false information was intentional with malice or willful intent to injure Plaintiff.

56. In the alternative, Wachovia failed to do any reasonable investigation of Plaintiff's account prior to reporting the false information, and thus making their publication of the false information in reckless disregard for the truth of the matters published with malice or willful intent to injure Plaintiff.

57.     Wachovia knew or should have known that the erroneous information would be used by the credit bureaus in the calculation of certain credit scores and that the credit bureaus would disseminate the erroneous information to prospective lenders.

58.     Plaintiff suffered substantial damage from the publication of the false information in that Plaintiff was denied credit and offered less favorable terms on credit offered. In addition Plaintiffs suffered mental anguish due to Wachovia's erroneous reporting and refusal to correct Plaintiff's account history and make a proper accounting of funds Plaintiffs paid.

WHEREFORE Plaintiff, JAMILLA JOHNSON-BROOKS, respectfully requests this Court enter judgment in her favor and against defendant Wachovia Dealer Services, Inc. for her actual damages in an amount to be proven at trial; award her costs of bringing this action including reasonable attorney's fees, and other relief this Court finds necessary and just.

Respectfully Submitted,

_____
Plaintiff's Attorney

State Bar No. 6271994
Lloyd Brooks
The Brooks Law Firm
15008 Woodlawn Avenue, First Floor
Dolton, Illinois 60419
(708) 841-8000 Telephone
(708) 841-8080 Facsimile
E-mail: lloyd.brooks@thebrooksfirm.com
**Attorney for Plaintiff**